**STATE, Plaintiff-Appellee, v. OLIVER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4629.  Decided September 18, 1951.

Glenn E. Kemp, Asst. City Atty., Phillip R. Bradley, Columbus, for plaintiff-appellee.

Raglan R. Reid, Columbus, for defendant-appellant.

**OPINION**

By THE COURT.

This is an appeal on questions of law from a conviction of the defendant-appellant upon trial had in the Municipal Court, Criminal Division, of the City of Columbus, Ohio, upon the alleged violation of a regulation of the Board of Health of the City of Columbus.

Two errors are assigned:

(1) The charge as set forth in the affidavit does not come within the purview of §4414 GC, under which the defendant was tried.

(2) The verdict is contrary to the evidence and the law.

The affidavit is as follows:

"that one Coyle Oliver * * * then and there being the owner of a certain dog, did unlawfully violate a regulation of the Board of Health of the City of Columbus, Ohio, dated February 23, 1951, providing that all dogs in the City of Columbus shall be confined to the premise of the owner or in a suitable pound or kennel, or under leash or control of the owner, or other responsible persons, to wit: by leaving said dog in a parked automobile in front of 9 East Long Street, in said City, with the windows of said automobile open on the street side, and by not being within sight or calling distance or being in control of said dog, in violation of §4414 GC."

It is conceded that there was a proper quarantine order against dogs such as is set out in the affidavit. The affidavit conforms to the conditions of §4414 GC in that it sets up a regulation of the Board of Health and charges its violation but it is asserted that the quarantine regulation was not made in pursuance of the authority set out in Chapter 11, Subdivision 2, Title 12, Part First, Municipal Corporations which includes §4404 to §4476 GC, inclusive. It is urged that the action of the Board could not have been taken under that section of the Code to which we have referred because it has no reference to the quarantining of dogs. It is true that no specific mention is made of the subject matter under discussion although it would seem clear that the general authority of §4413 GC would be sufficient to support the promulgation of the quarantine order.

The section, in part, provides:

"The board of health of a city may make such orders and regulations as it deems necessary for its own government, **for the public health, the prevention or restriction of disease,** and the prevention, abatement or suppression of nuisances." (Emphasis ours.)

But by §5652-16 GC, specific authority is granted to the Board and a mandatory obligation devolved upon it to declare the quarantine regulation under consideration and a reading of it is convincing that it was promulgated upon the authority of the foregoing section and not by §4413 GC. Sec. 4413 GC is found in a different chapter of the Code than §5652-16 GC and the regulation was not, as provided in §4414 GC, "made in pursuance thereof," i. e., the chapter in which §4414 GC is found. But the penalty provided for a violation of a regulation promulgated by authority of §5652-16 GC is, by reference, defined in §4414 GC. To this extent only has §4414 GC application to the charge set out in the affidavit.

We conclude that the affidavit is not exact in charging that the act therein set forth was in violation of §4414 GC. However, the affidavit did put the defendant upon notice that he was charged with the violation of the stated quarantine regulation of the Board of Health the punishment for which was found in §4414 GC.

We are of the opinion that the defendant was not prejudiced in any substantial right by the form of the affidavit; that it charged an offense and that the inaccuracy in the language employed did not require a dismissal of the charge and does not warrant a reversal of the judgment.

The second error assigned raises the question of the sufficiency of the proof adduced to establish the charge in the affidavit.

It develops that the defendant left his dog, a large one, a cross between a Shepherd and a Great Dane, in defendant's automobile which was parked in front of 9 East Long Street, Columbus; that the car was locked and all windows except the left rear, to the street side of Long Street, were closed; this one window was open enough to permit the dog to get his head out through it; that a policeman attending to traffic duties came up to the car and so close to it that the dog bit him and tore a sleeve from his shirt.

Defendant claims first, that the car was the "premises" of the owner and that the dog was confined to the premises. There is no merit in this contention. Second, that the dog was under the control of its owner.

The defendant in permitting his dog to remain in his parked car was required to take notice of the right of policemen to patrol the streets in the performance of their duties and that such performance might properly bring them in close proximity to the car. The trial judge had the right upon the evidence to find, as he did find, that the defendant in leaving his dog in the automobile with an opening large enough for the dog to get his head through it far enough to bite a policeman who was properly alongside the auto, did not confine his dog so as to constitute a defense to the charge set out in the affidavit.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.