**STUBBS et, Plaintiffs-Appellants, v. MITCHELL, M. D. et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4626. Decided March 13, 1952.

Nelson Lancione, Columbus, for plaintiffs-appellants.
Ralph J. Bartlett, Pros. Atty., Howard F. Wehr, Asst. Pros.
Atty., Columbus, for defendants-appellees.

## OPINION

By MILLER, J.

This is a law and fact appeal from the judgment of the Common Pleas Court denying the appellants an injunction against the enforcement of Regulation No. 7 issued by the Board of Health of Franklin County on February 27, 1951. governing the immunization of dogs against rabies. The pertinent parts of the Regulation under consideration are as follows:

"Section 2. Immunization. Any person who keeps or harbors a dog, or dogs, within the limits of Franklin County, shall on or before June 1st, 1951, have such dog, or dogs, immunized against rabies and each twelve (12) months thereafter shall have such dog, or dogs, reimmunized. Provided that any method, other than that of re-immunization described above, approved by the Health Commissioner and authorized by the United States Department of agriculture and/or the State of Ohio Department of Agriculture, may be used. Provided further that dogs need not be immunized before reaching the age of three (3) months. And provided further that dogs entering this jurisdiction temporarily for dog shows, performances or exhibition purposes shall not be allowed out of the owner's, keeper's or handler's control, unless properly immunized, and all dogs entering this jurisdiction for field trials or hunting purposes, or any other purpose shall be properly immunized and immunized dogs shall be accompanied by an immunization certificate accomplished by the veterinarian that has immunized the dog.

"Section 3. Records. All veterinarian immunizing or re-immunizing dogs against rabies shall keep a record of such immunization or re-immunization and shall without delay give to the owner or keeper of the dog immunized or reimmunized a certificate of immunization which shall include a number identifying the individual record, a complete description of the dog, place where dog is kept or harbored, name of owner, keeper or harborer of the dog and his or her address, date and type of immunization or re-immunization and such other pertinent information · as is needed, and the signature and address of the veterinarian. The veterinarian shall also without delay forward the information, required on the certificate described in this section, to the Health Commissioner of Franklin County, or to any agency authorized by the Board of Health to keep these records.

"Section 4. Fees. The certificates described in Section 3 shall be made on forms provided by the Health Commissioner or the agency authorized by the Board of Health to the veterinarian at a fee of 50c for each certificate. This fee shall be used to provide for the enforcement of this regulation.

\*          \*          \*          \*

"Section 6. Penalty. Any person, firm or corporation who shall violate any provision or provisions of this rule and regulation shall be liable to prosecution under §4414 GC, which provides as follows:

" 'Whoever violates any provision of this chapter or any order or regulation of the Board made in pursuance thereof,

or obstructs or interferes with the execution of such order, or willfully or illegally omits to obey such order, shall be fined not to exceed one hundred dollars or imprisoned for not to exceed ninety days, or both but no person shall be imprisoned under this section for a first offense, and the prosecution shall always be as and for a first offense, unless the affidavit upon which the prosecution is instituted contains the allegation that the offense is a second or repeated offense.' "

The case is presented to this Court upon an agreed statement of facts, of which the following is applicable to the issues raised:

"1. Plaintiffs keep upon their premises dogs which are more than 3 months of age and have not been vaccinated against rabies; said dogs are kept confined within a kennel or otherwise under control; and included among said dogs, are many which are sent abroad by their owners into Franklin County to plaintiffs, either for boarding, grooming, breeding or similar temporary purposes. That such owners will not send their dogs into Franklin County for such purposes if the kennel owner is required to have the dog vaccinated against rabies.

"2. Regulation No. 7 requires among other things that by June 1, 1951, and each 12 months thereafter, all dogs, with certain exceptions, within its jurisdiction be vaccinated against rabies.

"3. Said Regulation No. 7 provides for the assessment of a 50c fee for the certificate of immunization issued to the dog owner or keeper who has his dog vaccinated in accordance with said Regulation; and provides further that said fee shall be turned over to the agency authorized by defendants to enforce the Regulation. The Columbus Humane Society has been designated by the defendants to enforcce said Regulation and has been receiving and accepting the fees paid thereunder.

"4. On several occasions legislative proposals have been introduced in the Ohio General Assembly to delegate authority to the respective boards of health to order compulsory vaccination of dogs against rabies. House Bill No. 433 of the 98th General Assembly is an example of such proposals and is annexed to and made a part of the Stipulation as Exhibit B."

The first question presented is whether the Franklin County Board of Health has authority to provide by regulation for the vaccination of dogs against rabies and if so, are the exceptions provided for therein arbitrary and discriminatory? The plaintiffs urge that it does not possess such power, the same being limited by §5652-16 GC to declaring a quarantine. This section, in part, provides:

"Whenever in the judgment of any city or general health

district board of health * * * rabies shall be declared to be prevalent, such board of health * * * shall declare a quarantine of all dogs in such health district or part thereof."

The general powers of boards of health are set forth in §1261-42 GC, which provides that,

"The Board of Health of a general health district may make such orders and regulations as it deems necessary * * * for the public health, the prevention or restriction of disease and the prevention, abatement or suppression of nuisances."

We are of the opinion that there is no conflict between the two sections of the General Code as urged by the plaintiffs, §1261-42 GC permitting the making of such orders as it deems necessary for the prevention and restriction of disease, while §5652-16 GC becomes operative only when in the opinion of the Board rabies becomes prevalent, and then it imposes a duty upon the Board to declare a quarantine of all dogs in the district. The powers of Boards of Health are statutory and they are limited to those expressly conferred or fairly implied from those expressly granted. Marion Township Board of Health v. Columbus, 12 O. D. N. P. 553; Cincinnati v. Allison, 12 O. D. N. P. 376. Since the authority for the exercise of broad powers comes under the police power inherent in the State, the power is practically coextensive with the necessities that may arise for the purpose indicated. Metropolis v. Elyria, 23 O. C. C. N. S. 544. However, it does not authorize the Board of Health to arbitrarily establish a rule without reason, but it leaves in the Board a very broad latitude in determining what is reasonable. Shute v. Elyria, 20 O. C. C. N. S. 383.

We are of the opinion that the Regulation is a reasonable attempt by the Board to prevent and restrict the disease of rabies in the district. It is not discriminatory or arbitrary for the reason that it excepts dogs brought in for show purposes, provided they are not allowed out of the keeper's or handler's control. It would appear that when so handled there would in all probability be no contact with other dogs; hence no exposure to rabies; while the other dogs provided for in the Regulation would be more subject to infection through contact with each other. It is therefore not in violation of **Article I of the Constitution of Ohio,** or the Fourteenth Amendment to the Federal Constitution.

The next question presented relates to the authority of the Board to levy a fee of fifty cents for the issuing of a certificate as provided in Section 4 of the Regulation. This appears to present a more serious question. The record discloses that the fee shall be collected by the veterinarian administering the

vaccine and by him turned over to the Columbus Humane Society as consideration for its undertaking to administer and enforce the Regulation. We have been cited to no statutory authority granting such power to assess a fee and we are not aware of the existence of any such. As previously pointed out, boards of health are creatures of statute and must look to the legislative bodies for the source of their operating funds. It will be noted that the fee is not limited nor bears any relationship to the cost of issuing the certificate, but is for the purpose of enforcing the Regulation. This is an attempt to raise revenue for a public purpose and is therefore a tax. The right to tax is a sovereign power and can only be exercised by the Legislature when delegated by constitutional authority. **Mays v. City of Cincinnati, 1 Oh St 269.** At page 273 the Court says:

"The power to tax is one of the highest attributes of sovereignty. It involves the right to take the private property of the citizen without his consent, and without other compensation than the promotion of the public good. Such interference with the natural right of acquisition and enjoyment guaranteed by the constitution, can only be justified when public necessity clearly demands it. Being a sovereign power, it can only be exercised by the general assembly, when delegated by the people in the fundamental law; much less can it be exercised by a municipal corporation without a further unequivocal delegation by the legislative body. * * * A license may include a tax or it may not. If the exaction goes no further than to cover the necessary expenses of issuing it, it does not; but if it is made a means of supplying money for the public treasury, we agree with the court in State v. Roberts, 11 Gill & Johns, 506, that it 'is a tax, is too palpable for discussion'."

In the case of the City of Toledo v. Buechele, 19 O. C. C. p. 127, a parallel situation arose wherein the Board of Health attempted to collect a fee for the issuing of a permit for the cleaning of privy vaults. The first syllabus provides:

"(1) Where a city, upon the payment of an annual fee of ten dollars, has issued a license to a person authorizing him to carry on the occupation of privy vault cleaner in such city for the period of one year, and where such city requires of him to obtain a permit from the board of health before cleaning a privy vault, it is unreasonable and unlawful for such board of health to exact of him the payment of a fee of twenty-five cents, or fifty cents, for the issuing of such permit."

We are of the opinion that Section 4 of the Regulation relating to fees is contrary to law. We find, however, no

unlawful delegation of power to the Columbus Humane Society for the enforcement of the Regulation. This authority is purely administrative and the Society, it appears, is peculiarly equipped for the performance of such a service. The view we have taken of Section 4 of the Regulation shall not invalidate the other provisions of the Act, because of the saving clause in Section 8 thereof, which provides:

"Section 8. Unconstitutionality Clause. If any section, subsection, sentence, clause or phrase of this rule and regulation is for any reason held to be unconstitutional, void or invalid, the validity of the remaining portions of this rule and regulation shall not be affected thereby."

It is therefore the order of the Court that the defendants be enjoined from enforcing the provisions of Section 4 of the said Regulation, and that the prayer be denied as to all remaining sections.

HORNBECK, PJ, WISEMAN, J, concur.