THE STATE OF OHIO, APPELLEE, *v.* SOUTH, APPELLANT.

(No. 652—Decided March 11, 1967.)

*Mr. Robert M. Beno,* prosecuting attorney, for appellee.
*Mr. David R. Collins,* for appellant.

CRAWFORD, P. J. Defendant, appellant herein, was convicted in the Municipal Court of Springfield upon a charge made by affidavit,

"* * * that on or about the 7th day of November, 1965, at the County of Clark one T. M. South, D.V.M., being a veterinarian licensed to practice the profession of veterinary medicine in the State of Ohio, did innoculate a certain dog owned by Herbert E. Merritt of 1571 Mound Street, to wit:

"Beagle-mixed (male) failing to provide said dog owner with a proper certificate and innoculation tag of the type issued by the Clark County Board of Health as prescribed in Section III of said Clark County Board of Health's Rules and Regulations governing the Innoculation of Dogs against rabies adopted under authority of Ohio Revised Code 3709.21 by said Board on November 1, 1964, and as amended on August 17, 1965, such failure being contrary to Section 3707.48 of the Ohio Revised Code."

The first assignment of error is that the affidavit does not allege an offense. Section 3707.48, Revised Code, reads:

"No person shall violate Sections 3707.01 to 3707.53, inclusive, of the Revised Code, or any order or regulation of the board of health of a city or general health district made in pursuance thereof, obstruct or interfere with the execution of such order, or willfully or illegally omit to obey such order."

The applicable penal provision is Section 3707.99 (C), Revised Code.

Defendant argues that neither Section 3707.48, Revised Code, nor any section referred to therein, nor any other section of Chapter 3707, Revised Code, authorizes a board of health to establish a regulation requiring the innoculation of dogs against rabies. The affidavit states that the regulation allegedly violated was framed under the authority of Section 3709.21, Revised Code, which is contained in Chapter 3709, for which we find no penalty provided.

We believe the point well taken. We fail to see how a regulation made in pursuance of a statute other than those mentioned in Section 3707.48, Revised Code, can be covered by that section, or its violation be subject to the penalties provided later in that chapter by Section 3707.99 (C), Revised Code. A

violation of Section 3709.21, Revised Code, is not made punishable under Chapter 3707.

Our predecessors in this court wrestled with a similar problem (involving a quarantine regulation) in *State* v. *Oliver* (1951), 65 Ohio Law Abs. 606. The opinion in that case contains this language, at page 607:

"But by Section 5652-16 G. C. [Section 955.26, Revised Code], specific authority is granted to the board and a mandatory obligation devolved upon it to declare the quarantine regulation under consideration and a reading of it is convincing that it was promulgated upon the authority of the foregoing section and not by Section 4413 G. C. [Section 3709.20, Revised Code]. Section 4413 G. C. is found in a different chapter of the Code than Section 5652-16 G. C. and the regualtion was not, as provided in Section 4414 G.C. [Section 3707.48, Revised Code], 'made in pursuance thereof,' i. e., the chapter in which Section 4414 G. C. is found. But the penalty provided for a violation of a regulation promulgated by authority of Section 5652-16 G.C. is, by reference, defined in Section 4414 G. C. To this extent only has Section 4414 G. C. application to the charge set out in the affidavit."

At the time of that decision, Section 4414, General Code, created an offense in language similar to that in present Section 3707.48, Revised Code, and also provided the penalty. The separation of the penal provision, and its inclusion in another section of the same chapter, can have no significance for the present question. Nor is it important that the offense involved in the *Oliver case* was provided in still a third chapter.

We cannot escape the specific limitations of Section 3707.48, Revised Code, in its reference to the sections named and to regulations of a board of health made in pursuance thereof.

The first assignment of error is well taken.

The second assignment challenges the admission of certain evidence. We find no error prejudicial to the defendant in this regard.

The third assignment challenges the validity of the regulation, claiming that it was not legally adopted. It is urged that it was not read three times and adopted as a municipal ordinance must be adopted, as required by Section 3709.21, Revised

Code. However, the record shows that it was adopted as an emergency. We find no merit in this assignment.

The fourth assignment is that the regulation is invalid because it attempts to impose a tax without authority. In its original form the regulation required veterinarians to purchase from the Board of Health, at a cost of seventy-five cents, the tag and certificate to be furnished to an owner or harborer of each dog innoculated. This provision was later amended to require purchase of the same, without mention of price, from the city of Springfield Board of Health or its authorized agent. The evidence shows that the Humane Society acted as such agent, and continued to collect the sum of seventy-five cents for each tag and certificate. The evidence does not indicate what disposition is made of this money, except that it is collected by the Humane Society. It does show that the actual cost to the Humane Society of a certificate and tag is only 4.4 cents. The remaining 70.6 cents must therefore be considered a fee or assessment or tax which neither the county nor city Boards of Health nor the Humane Society has any authority to impose. *Stubbs* v. *Mitchell* (1952), 65 Ohio Law Abs. 204. See, also, *Brunner* v. *Rhodes, Mayor* (1953), 95 Ohio App. 259. The amendment to the regulation does not, by omitting a reference to the price, meet this objection. The board, having no authority to impose a fee, cannot escape responsibility for its agent who collects it. The regulation is illegally imposed upon the veterinarian.

This requirement of purchase being invalid, the defendant cannot be prosecuted for failure to comply.

The fifth and only remaining assignment of error is directed to the sufficiency of the evidence. The evidence of the facts claimed by the prosecution is adequate.

However, in light of assignments of error one and four, which we find well taken, the judgment must be reversed.

*Judgment reversed.*

KERNS and SHERER, JJ., concur.